JUDGE RAMOS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRANSATLANTIC REINSURANCE COMPANY,
FAIR AMERICAN INSURANCE AND
REINSURANCE COMPANY (F/K/A PUTNAM
REINSURANCE COMPANY)

      Petitioners,

– against –


NATIONAL INDEMNITY COMPANY,

      Respondent.

------------------------------------------------------------x

Civ. No.:

Removed from:

Supreme Court of the State of New York, County of New York

Index No.: 650880/2014

14 CV 2109



## NOTICE OF REMOVAL

  Respondent National Indemnity Company ("NICO"), by its undersigned counsel, hereby removes the above-captioned matter, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81.1 of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. A copy of the Petition to Compel Arbitration, with exhibits (the "Petition"), filed by Petitioners Transatlantic Reinsurance Company ("TRC") and Fair American Insurance and Reinsurance Company, formerly known as Putnam Reinsurance Company ("Putnam"), in the case on March 19, 2014 is attached hereto as Exhibit A. A copy of Petitioners' Memorandum of Law in Support of the Motion to Compel Arbitration (the "Memorandum of Law") is attached hereto as Exhibit B. A copy of the

Affidavit of Beth Levene, with exhibits, is attached hereto as Exhibit C. A copy of the Affirmation in Support of TRC's Petition & Motion to Compel Arbitration, with exhibits, is attached hereto as Exhibit D. A copy of the Order to Show Cause (the "Order") signed in the case on March 20, 2014 is attached hereto as Exhibit E. In support of the removal, NICO states as follows:

## I. Background

1. NICO is engaged in the business of insurance and reinsurance in Nebraska and elsewhere. Reinsurance is an insurance relationship whereby a "reinsurer" indemnifies an insurance company (the "reinsured") for a portion of the risk arising out of the insurance company's operations.

2. On or about March 3, 2014, Petitioner TRC sent a letter (the "AIG XOL Arbitration Demand Letter") addressed to NICO's office in Omaha, Nebraska. TRC demanded that NICO agree to arbitrate with TRC claims concerning a list of 17 excess of loss reinsurance contracts between TRC and insurance companies affiliated with the American International Group, Inc. ("AIG") (the "AIG XOL Agreements").

3. Also on or about March 3, 2014, TRC and Petitioner Putnam sent another letter (the "AIG Pro-Rata Arbitration Demand Letter") addressed to NICO's office in Omaha, Nebraska. TRC and Putnam demanded that NICO agree to arbitrate with TRC and Putnam claims concerning a list of 24 pro rata reinsurance contracts between TRC, Putnam and AIG-affiliated companies (the "AIG Pro-Rata Agreements", together with the AIG XOL Agreements, the "AIG-TRC Agreements"). The AIG XOL Arbitration Demand Letter and the AIG Pro-Rata Arbitration Demand Letter will be referred to collectively as the "AIG Arbitration Demand Letters."

4. The AIG Arbitration Demand Letters do not articulate any claims by TRC or

2

Putnam against NICO. The AIG Arbitration Demand Letters also do not identify any agreement where NICO and TRC or Putnam agreed to resolve disputes through arbitration.

5. NICO is not a party to the reinsurance contracts listed in the AIG Arbitration Demand Letters that purportedly contain arbitration clauses.

6. The only involvement by NICO in the dispute between TRC/Putnam and the AIG-affiliated companies referenced in the AIG Arbitration Demand Letters is that NICO entered into an agreement with Eaglestone Reinsurance Company ("Eaglestone") in 2011 whereby NICO agreed to reinsure Eaglestone with respect to certain legacy asbestos and environmental liabilities, for which Eaglestone had agreed to reinsure certain AIG-affiliated companies, up to a certain capped amount (the "NICO-Eaglestone Agreement"). NICO is informed and believes that Eaglestone is not party to the AIG-TRC Agreements.

7. On March 19, 2014, TRC and Putnam initiated this action in New York state court to compel NICO to arbitrate, allegedly pursuant to the AIG-TRC Agreements and the NICO-Eaglestone Agreement.

8. Through this Notice of Removal, NICO hereby removes *Transatlantic Reinsurance Co. et al. v. National Indemnity Co.*, N.Y. Sup. Ct. Index No. 650880/2014, to this Court.

9. As set forth below removal is appropriate in this action because NICO's removal is timely and this Court has subject matter jurisdiction over this action.

## II. TIMING OF NOTICE

1. On March 19, 2014, Petitioners TRC and Putnam filed the Petition to Compel Arbitration in the Supreme Court of New York, County of New York, Index No. 650880/2014. NICO is the only Respondent named in the Petition.

2. On March 20, 2014, Justice Charles E. Ramos of the Supreme Court of the State

of New York, County of New York, Commercial Division, signed an Order to Show Cause in the action.

3. NICO, through counsel, received a copy of the Petition, the Memorandum of Law, and the Order to Show Cause via e-mail on March 21, 2014.

4. This notice is being filed within thirty days of the date on which NICO received, through service or otherwise, a copy of the Petition and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

5. A copy of this notice will be served on counsel for TRC and Putnam and filed with the Clerk of the Court for the Supreme Court of the State of New York, County of New York.

### III. BASIS FOR REMOVAL

1. Under 28 U.S.C. § 1441(a), any civil action filed in state court, and over which federal courts have original jurisdiction, may be removed to the federal district court in which the state court action is pending.

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a), as the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the District Court of the United States for the district and division embracing the place where the action is pending.

4. Complete diversity of citizenship exists as between Petitioners and Respondent.

5. As alleged in the Petition, Petitioner TRC is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

6. As alleged in the Petition, Petitioner Putnam is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

7. Respondent NICO is a corporation duly organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska.

8. Removal is proper pursuant to 28 U.S.C. § 1441(b)(2) because NICO is not a citizen of the State in which this action was brought.

9. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, NICO respectfully notifies this Court that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81.1 of the Local Rules, it has removed the above action from the Supreme Court of the State of New York, County of New York, to this Court.

DATED: March 25, 2014

Respectfully submitted,

*Stephen M. Kennedy*
Michael A. Knoerzer (MK 8438)
Stephen M. Kennedy (SK 5572)
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Telephone: (212) 710-3900
Facsimile: (212) 710-3950

*Attorneys for National Indemnity Company*